IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr217-MHT |
| | ) | (WO) |
| **JEREMY DIONNE SMILEY** | ) | |

**ORDER**

Before the court is defendant Jeremy Dionne Smiley's motion to continue his trial. For the reasons below, the court finds that jury selection and trial, now set for August 11, 2025, should be continued under 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

Case 2:25-cr-00217-MHT-CWB    Document 29    Filed 07/16/25    Page 2 of 5

>     from the date the defendant has appeared
>     before a judicial officer of the court in
>     which such charge is pending, whichever date
>     last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, here, the ends of justice served by granting a continuance outweigh the interest of the public and Smiley in a speedy trial. Smiley

2

explains that, prior to his indictment for this case, he had a revocation judgment issued against him for the same conduct at issue in this case. *See United States v. Jeremy Dionne Smiley*, No. 2:17cr31-RAH (Feb. 26, 2025) (Huffaker, J.). He submits that, during the revocation hearing, he objected to the admission of his wife's statements based on spousal immunity and the marital-communications privilege. He represents that the district court overruled his objections, and that the court's decision is now on appeal. *See United States v. Jeremy Dionne Smiley*, No. 25-10698-D (11th Cir., filed March 4, 2025).

Given that, in this case, he is seeking to exclude the same testimony for the same reasons as in the revocation proceeding that is now on appeal, *see* Motion to Exclude (Doc. 11), Smiley requests that his trial be continued pending resolution of the appeal. He contends that the Eleventh Circuit Court of Appeals'

3

decision may affect trial strategy, result in dismissal of one of the charges, and strongly influence whether he wishes to plead guilty.

A continuance is warranted in light of the pending appeal to allow counsel for both sides the reasonable time necessary to determine how best to proceed in this case, to decide whether to reach a negotiated plea, and to prepare adequately for trial.  Failing to continue this case could result in a miscarriage of justice because the decision in the appeal could result in the dismissal of the witness tampering charge in this case, and, without a continuance, Smiley might be forced to go to trial on that count unnecessarily.  Plus, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Jeremy Dionne Smiley's motion to continue trial (Doc. 26) is granted.

(2) The August 11, 2025, jury selection and trial are continued generally pending the resolution of the appeal in *United States v. Jeremy Dionne Smiley*, No. 25-10698-D (11th Cir., filed March 4, 2025).

(3) The parties shall jointly file a report on the status of the appeal on the first Monday of every month, beginning October 6, 2025.  The parties shall also forthwith notify the court when there is a decision in the pending appeal.

(4) The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 16th day of July, 2025.

                                    /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE