IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr217-MHT |
| | ) | (WO) |
| JEREMY DIONNE SMILEY | ) | |

**ORDER**

This case is before the court following the resolution of the appeal in *United States v. Jeremy Dionne Smiley*, No. 25-10698-D (11th Cir. Aug. 6, 2025). For the reasons set forth below, the court finds that jury selection and trial, which had been continued generally pending resolution of the appeal, *see* Order to Continue (Doc. 29), should be further continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and any period of delay resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice,"

2

§ 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smiley in a speedy trial. The trial should be continued for an additional sufficient period of time to allow the court to consider and resolve the United States Magistrate Judge's report and recommendation on Smiley's motion to suppress and Smiley's objection to the recommendation. Additional time is also needed for the parties to finish briefing on Smiley's motion in limine, and for the court to resolve the motion when briefing is complete.  Further, Smiley's counsel represented that he needs additional time to prepare for trial.  The

court concludes that a continuance is warranted to allow itself sufficient time for the resolution of the motion to suppress and motion in limine, and to allow the parties sufficient time to prepare for trial upon resolution of the motions. Moreover, the government does not oppose a continuance.

\*\*\*

Accordingly, based on the representations made by the parties during the on-the-record status conference on August 14, 2025, it is ORDERED that the jury selection and trial for defendant Jeremy Dionne Smiley, now generally continued, are reset on October, 27, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines.

DONE, this the 14th day of August, 2025.

                                      /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**